UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANNY "WAYNE" TYSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-875-RET-DLD** |
| **JACOBS FIELD SERVICES NORTH AMERICA, INC.** | |

## MAGISTRATE JUDGE'S REPORT

This removed state law employment action comes before the Court on plaintiff's motion to remand (rec.doc.no. 4) for lack of diversity jurisdiction due to an absence of complete diversity.  The sole issue before the court is the citizenship of defendant Jacobs Field Services North America, Inc. (Jacobs) for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.  There is no dispute that Jacobs is incorporated in Texas; the dispute is over Jacobs' principal place of business.

*Background*

Plaintiff, a citizen of Louisiana, filed this employment discrimination action in state court alleging that his former employer, Jacobs, involuntarily terminated his employment based on age in violation of Louisiana state law.  Jacobs removed the action to federal court on the basis of diversity jurisdiction, stating in its notice of removal that plaintiff is a citizen of Louisiana and that "Jacobs is a corporation organized and incorporated in the State of Texas with its principal place of business in Texas." (Rec. doc. 1, p.2)[1]

---

[1] There is no dispute that the amount in controversy is greater than $75,000.00 as required under 28 U.S.C. §1332.

Plaintiff quickly filed a motion to remand challenging the existence of diversity of citizenship by arguing that Jacobs had failed to demonstrate that its principal place of business is in Texas rather than in Louisiana. Plaintiff contends that Jacobs maintains an office in Baton Rouge and its predecessor, JE Merit Constructors, frequently was referred to in Louisiana jurisprudence as a Louisiana company.[2] (Rec. doc. 4-1, 4-2)

Defendant opposed the motion to remand, and provided the affidavit of Harry Breeden, the Director of Human Resources for Jacobs Field Services. (Rec. doc. 5-1). Jacobs is in the business of providing general industrial maintenance and plant operation services for chemical, refining, and industrial companies throughout the United States. Mr. Breeden described in detail the operations of Jacobs in Houston, Texas:

- corporate headquarters, executive offices, senior management, and human resources are located in Houston, Texas

- all corporate level decision-making and strategic planning takes place in Houston, Texas

- all corporate level activities are directed, controlled and coordinated from Houston, Texas

- largest single block of employees are located in Texas

- largest single block of Jacobs business activity contained within the state of Texas

- Director of Operations for State of Louisiana reports to Vice President of Southern Region, who is located in Houston, Texas

---

[2] All of the cases listed by plaintiff were state court actions where citizenship is not an issue, and there is no dispute that J.E. Merit had a Louisiana place of business. More relevant is *Pinsonat v. JE Merit Constructors*, 962 F.Supp 848 (M.D.La. 1996), where Merit removed an employment action brought by a Louisiana citizen, just as is the case here, and the plaintiff sought to remand because he also had named the Louisiana superintendent. The motion was denied, and plaintiff and JE Merit were held to be diverse.

Mr. Breeden also explained that Jacobs conducts business across the United States as well as abroad, and while its greatest presence is in Texas (almost double the number of employees as in Louisiana), it also has a significant business presence in both Louisiana and California.  Jacobs also has ongoing jobs in at least 25 additional states.  (rec. doc. 5-1)

## The Law

The Fifth Circuit applies a "total activity" test to determine the principal place of business of a corporation.  *See,e.g., Nauro Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.,* 138 F.3d 160, 164 (5th Cir .), cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); *J. A. Olson Co. v. City of Winona, Miss.,* 818 F.2d 401 (5th Cir. 1987). Under this test, the court must look to the nature, location, importance, and purpose of a corporation's activities and the degree to which those activities bring the corporation into contact with the local community.  Three general principles guide this inquiry:

(1) when considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining the principal place of business;

(2) when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant;  but

(3) when the activity of a corporation is passive and the " brain" of the corporation is in another state, the situs of the corporation's "brain" is given greater significance. *Nauro Phosphate, supra; J. A. Olson, supra*.  These general rules serve only as a starting point, however, and the corporation's operations and its nerve center must be examined in each case in the context of the organization of that particular business.  *J. A. Olson*, 818 F.2d at 411.

*Discussion*

The Court is not presented in this case with a corporation having a sole office operating out of Louisiana and a corporate headquarters located outside the state. Jacobs has introduced evidence that it is a corporation with far-flung operations and activities in many states, and not just in Louisiana. These operations are controlled by its Texas headquarters. That it has an office in Louisiana, even a large one, is not dispositive.

On the showing made, the court finds that the principal place of business of the Jacobs Field Services North America, Inc. is in Houston, Texas, which serves as the corporate "nerve center" of the multi-state holdings and operations.[3]

*Conclusion and Recommendation*

The parties are of diverse citizenship for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332. Therefore,

IT IS THE RECOMMENDATION of the court that the plaintiff's motion to remand (rec. doc. 4) be DENIED.

Signed in Baton Rouge, Louisiana, on January 13, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

---

[3] Even if the court were to consider the place of activity as dispositive, Texas is the situs of the most significant business activity.

| | |
|---|---|
| **DANNY "WAYNE" TYSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-875-RET-DLD** |
| **JACOBS FIELD SERVICES NORTH AMERICA, INC.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 13, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**